

**BAYARD**

222 Delaware Avenue • Suite 900

P.O. Box 25130 • Wilmington, DE • 19899

Zip Code For Deliveries 19801

Writer's Direct Dial:
302-429-4218
jschlerf@bayardlaw.com

April 16, 2008

**VIA ELECTRONIC MAIL**
The Honorable Joseph J. Farnan, Jr.
United States District Court Judge
J. Caleb Boggs Federal Building
844 N. King Street
Lock Box 27
Wilmington, DE  19801

> RE:    Thomas L. Payne, *et al.* v. Anthony J. DeLuca, *et al.*;
>        Motion of the Trustee of the IT Litigation Trust to
>        <u>Quash Subpoena - MISC No. 06-mc-00106 (JJF)</u>

Dear Judge Farnan:

Our firm represents the trustee (the "Trustee") of the IT Litigation Trust in the chapter 11 cases of IT Group, Inc. *et al.* before the United States Bankruptcy Court for the District of Delaware. The chapter 11 plan (the "Plan") in the bankruptcy cases was confirmed four years ago and the Trustee is close to completing the administration of the Plan. The Trustee anticipates closing the cases in the third quarter of this year.

One of the few open matters is the above-referenced Trustee's motion to quash a records preservation subpoena (the "Motion to Quash"). The Motion to Quash was fully briefed as of June 2006 and the Trustee timely requested oral argument. The matter has been pending since that time. Many but not all of the parties to the Motion to Quash proceeding were parties to a mediation before Magistrate Judge Thynge during that same time frame. The mediation related to a civil action before Judge Jordan (Case No. 04-1268) (the "D&O Action"). The D&O Action was eventually settled following an August 2006 mediation conference through the efforts of Magistrate Judge Thynge. On January 2007 that action was dismissed.





The Honorable Joseph J. Farnan, Jr.
April 16, 2008
Page 2

Since many of the parties to the Motion to Quash proceeding were parties to the settled D&O action, it is possible there was some confusion whether the Motion to Quash had been resolved as part of the mediation. The terms of the confidential settlement did alleviate somewhat the immediacy of the Motion to Quash. However, now that the chapter 11 cases are ready to be closed, it is imperative that the Trustee address any open issues relating to estate documents, including that motion.

Indeed, this matter may be moot. When filing the Motion to Quash, the Trustee pointed out that the intent of the Western District of Pennsylvania District Court was that the subpoena be short-lived (the Court used language such as "a brief period of time" and "the short period of time envisioned"). It is now more than two years later. Further, since that time that action has been dismissed and two motions for reconsideration have been denied (the dismissal is under appeal). In any event, the Trustee respectfully submits that the best means for determining how to best proceed is via a teleconference before Your Honor at the Court's earliest convenience. If the Court is amenable to that approach, our office can set up a conference call and provide notice to counsel of record for the parties.

As always, I am available to address any questions or concerns of the Court.

Respectfully submitted,

Jeffrey M. Schlerf

JMS/rd
cc:    Lionel Z. Glancy, Esquire (via electronic mail)
       Thomas P. Glass, Esquire (via electronic mail)
       David Becker, Esquire (via electronic mail)
       Marcos A. Ramos, Esquire (via electronic mail)

829221v1